UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20489-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

CESAR AYENDI CASTANEDA
BENAVIDEZ, a/k/a "El Profe,"

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Cesar Ayendi Castaneda Benavidez' ("Defendant" or "Benavidez") Motion to Dismiss Superseding Indictment or in the Alternative Repatriation of the Defendant Based on Violations of the Rule of Specialty (hereafter, "Motion to Dismiss") [D.E. 52]. This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge [D.E. 55]. The undersigned held a hearing on this matter on April 14, 2021 [D.E. 59]. In accordance with the undersigned's conclusions at the hearing and for the reasons stated below, the undersigned respectfully recommends that the Motion to Dismiss be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 7, 2017, Benavidez and co-Defendant Jonny Santiago Castaneda Benavidez ("Jonny") were charged by the grand jury with the following offense:

> Beginning at least as early as in and around March, 2016, and continuing until in and around July, 2016, the defendants,
>
> CESAR AYENDI CASTANEDA BENAVIDEZ,
> a/k/a "Profe" and
> JONNY SANTIAGO CASTANEDA BENAVIDEZ,
> a/k/a "Jonny"

> did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, **while on board a vessel subject to the jurisdiction of the United States**, **to possess with intent to distribute a controlled substance**, in violation of Title 46, United States Code, Section 70503(a)(1); all in violation of Title 46, United States Code, Section 70506(b).

See Indictment [D.E. 3 at 1] (emphasis added). Benavidez was arrested on October 10, 2019 and made his initial appearance on October 11, 2019 [D.E. 8].

On February 25, 2020, Defendant filed his First Motion to Dismiss Indictment (hereafter, "First Motion to Dismiss") [D.E. 21]. As grounds for dismissal, Defendant argued that "the proof that would be adduced at trial in this case does not comport with the allegations in the indictment." First Motion to Dismiss [D.E. 21 at 1]. Relying on the affidavit of DEA Special Agent Ryan J. Stacy, which supported the request for his extradition from Colombia, Defendant contended that:

> None of the activities of the defendant took place on board a vessel under the jurisdiction of the United States or any other vessel. All of the defendant's actions took place on land. The indictment here as plead charges that the conspiracy took place while on board a vessel subject to the jurisdiction of the United States. The defendant was never on board any vessel.

Id. at 3.

On April 3, 2020, the government requested that the decision on Defendant's First Motion to Dismiss be held in abeyance pending the filing of a Superseding Indictment after the resumption of grand jury sessions in the district, which request was granted [D.E. 34, 35, 36]. On November 24, 2020, the grand jury returned a Superseding Indictment, charging Benavidez and Jonny with the following offense:

> Beginning at least as early as in and around March, 2016, and continuing until in and around July, 2016, the defendants,
>
> CESAR AYENDI CASTANEDA BENAVIDEZ,<br>a/k/a "Profe" and<br>JONNY SANTIAGO CASTANEDA BENAVIDEZ,

> a/k/a "Jonny"
>
> did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, ***to possess with intent to distribute a controlled substance, on board a vessel subject to the jurisdiction of the United States,*** in violation of Title 46, United States Code, Section 70503(a)(1); all in violation of Title 46, United States Code, Section 70506(b).

See Superseding Indictment [D.E. 41 at 1] (emphasis added). As a result, on February 4, 2021, the First Motion to Dismiss was denied as moot [D.E. 51].

On March 2, 2021, Defendant filed the instant Motion to Dismiss, arguing that, in the Superseding Indictment, he "now stands accused of matters not alleged in the original indictment for which he was extradited." See Motion to Dismiss [D.E. 52 at 3]. According to Defendant, the Indictment alleged a conspiracy that took place on board a vessel subject to the jurisdiction of the United States, while the Superseding Indictment expands the alleged conspiracy to other people and places outside the vessel. Id. at 8-9. On this basis, Defendant contends that the Superseding Indictment violates the Rule of Specialty and should be dismissed, or Defendant should be repatriated. Id. at 9.

The government opposes the Motion to Dismiss on the grounds that the Rule of Specialty does not apply to Defendant's case because it is "treaty-law doctrine" and Defendant was not extradited pursuant to a treaty. See Government's Response in Opposition to Defendant's Motion to Dismiss (hereafter, "Response") [D.E. 57 at 3] (citing United States v. Stokes, 726 F.3d 880, 887-88 (7th Cir. 2013). In support of this argument, the government submitted copies of the Colombian government's extradition approval documentation, which shows that Benavidez was extradited to the United States subject to the conditions required by Colombian law, specifically, "Article 494 of Law 906, 2004" [D.E. 58-2 at 6]. Defendant did not dispute this fact at the April

14, 2021 hearing. The government contends that, as a result, Benavidez "lacks standing to allege a rule of specialty violation." See Response [D.E. 57 at 3].

## DISCUSSION

"The rule of specialty stands for the proposition that the requesting state, which secures the surrender of a person, can prosecute that person only for the offense for which he or she was surrendered by the requested state or else must allow that person an opportunity to leave the prosecuting state to which he or she had been surrendered." United States v. Valencia-Trujillo, 573 F.3d 1171, 1173-74 (11th Cir. 2009) (quoting United States v. Gallo-Chamorro (Gallo-Chamorro I), 48 F.3d 502, 504 (11th Cir. 1995) (internal quotations omitted); United States v. Herbage, 850 F.2d 1463, 1465 (11th Cir. 1988)). "The rule is grounded in concerns of international comity." Id. at 1174 (citation omitted).

In Valencia-Trujillo, the Eleventh Circuit initially considered the defendant's standing to invoke the rule of specialty, noting that: "Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Id. at 1177 (quoting Borchese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)). The Eleventh Circuit then categorically stated that: "The rule of specialty applies only to extraditions pursuant to treaty." Id. at 1179. As a result, Valencia-Trujillo, whose extradition from Colombia was not based on an extradition treaty between that country and the United States, "lack[ed] standing to assert the rule of specialty." Id. at 1181. Like Valencia-Trujillo, Benavidez was not extradited from Colombia pursuant to a treaty between that country and the United States. Therefore, Benavidez similarly lacks standing to assert the rule of specialty as the basis for dismissal of the Superseding Indictment or repatriation.

4

## RECOMMENDATION

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Defendant's Motion to Dismiss be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida on this 26th day of April, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Darrin P. Gayles
Counsel of Record