**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-20489-CR-GAYLES/OTAZO-REYES**

UNITED STATES OF AMERICA,

v.

 CESAR AYENDI CASTANEDA
BENAVIDEZ,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE came before the undersigned by Order of Reference from United States District Judge Darrin P. Gayles and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by Defendant Cesar Ayendi Castaneda Benavidez ("Benavidez"). Pursuant to such reference the undersigned conducted a change of plea hearing by video conference on September 30, 2021, which was attended by Benavidez, his attorney, Louis Casuso, and Joseph Schuster, Assistant United States Attorney. The undersigned hereby advises as follows:

1. At the commencement of the change of plea proceedings, the undersigned advised Benavidez that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. Benavidez was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge. The undersigned confirmed that Benavidez, his attorney, and the Assistant United States Attorney to whom this cause is assigned, consented to the undersigned conducting these proceedings. The undersigned advised Benavidez that the sentence will be imposed by the District Judge, who will make all findings and rulings regarding such sentence and will conduct a sentencing hearing on a future date.

2.   Benavidez also consented to the undersigned holding the hearing by video conference. Further, the undersigned found that Benavidez's guilty plea could not be further delayed without serious harm to the interests of justice.

3.   The undersigned conducted a plea colloquy with Benavidez consistent with the outline set forth in the Bench Book for U.S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4.   The undersigned advised Benavidez of the sentence possibilities as to Count 1 set forth in the Superseding Indictment to which he was tendering a guilty plea, as well as the possible fine and term of supervised release.  Benavidez was advised that Count 1, to which he was pleading guilty, carries a minimum term of imprisonment of 10 years and a maximum term of imprisonment of up to life, followed by a minimum term of supervised release of 5 years and up to life.[1]  Additionally, the District Judge may impose a fine of up to $10,000,000.  Benevidez was advised that there is a mandatory special assessment of $100 that will be imposed at the time of sentencing.  Benavidez was also advised that he may be subject to deportation.

5.   Benavidez acknowledged that he was fully satisfied with the services of his attorney and that he had a full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6.   Benavidez pled guilty to Count 1 set forth in the Superseding Indictment, charging him with conspiring with others to possess with intent to distribute a controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1); all in violation of Title 46, United States Code, Section 70506(b).

7.   The government submitted a stipulated factual proffer for the guilty plea which consisted

---

[1] Subject to application of the safety valve.

of all of the essential elements of the offense to which Benavidez pled guilty.

8.    Benavidez was informed that a Pre-Sentence Investigation Report will be conducted prior to sentencing.   Benavidez will remain pre-trial detained pending imposition of sentence.   The sentencing hearing will be conducted by the District Judge on a future date.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this Cause, the undersigned hereby

RECOMMENDS that Benavidez be found to have freely and voluntarily entered his guilty plea to Count 1 set forth in the Superseding Indictment, that his guilty plea be accepted, that he be adjudicated guilty of such offense, and that a sentencing hearing be conducted on a future date for a final disposition of this Cause.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Darrin P. Gayles, United States District Judge.   Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 1st day of October, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


cc:    United States District Judge Darrin P. Gayles
       Counsel of Record